## William E. Gold *versus* Alonzo Whitcomb *et al.*

A shopkeeper's account containing charges of articles sold to the defendants, some or them within six years before action brought, and also containing credits given more than six years before action brought, is not an account current or a mutual account, so as that the charges within the six years should draw the previous charges out of the operation of the statute of limitations.

The declaration by one of two defendants, when an account against them barred by the statute of limitations was presented to him, that he had paid enough of the other defendant's debts, was *held* not to amount to a new promise.

ASSUMPSIT on a shop account for articles of merchandise sold and delivered to Forristall and Whitcomb, the defendants, who were partners. The account commenced in December 1823, and ended in November 1825. There were charges nearly every month, and in 1824 and down to May 1825 there were various credits. The defendants kept no account with the plaintiff. The action was brought on October 7, 1831, and two small items under the date of November 1825, were the only charges made within six years before the commencement of this action. It was proved, that upon the account now sued being presented to Forristall in 1830, he said he had paid enough of Whitcomb's debts. Whitcomb was defaulted. It was resolved by the *Court*, that this was not to be considered as an account current or a mutual account, so as that the two last items should draw the others out of the operation of the statute of limitations; and that the declaration of Forristall did not amount to a new promise.

*Gold* for the plaintiff, cited *Cogswell* v. *Dolliver*, 2 Mass. R. 217 ; *Coster* v. *Murray*, 5 Johns. Ch. R. 522 ; 2 Stark. Evid. 899.

*Bishop* and *Lanckton*, contrà, cited *Kimball* v. *Brown*, 7 Wendell, 322.